## THE STATE V. ADOLPH GLAEVECKE.

1. The record being silent as to the amount for which judgment *nisi* was taken, on a forfeited recognizance, this court presumes that it was taken for the true amount of the recognizance, notwithstanding that the recognizance itself is for one sum, and the *scire facias* recites the recognizance to be for a larger sum.

2. The rulings in the (other) case of the State v. Glaevecke, *ante* 53, referred to and approved.

APPEAL from Cameron.  Tried below before the Hon. E. Basse.

The recognizance was in the penalty of $300, whereas it was referred to in the *scire facias* as being for $500.

The condition of the recognizance was the same in terms as that in the other case against the same appellee, reported *ante* 53, though the offenses charged were not the same.

*E. B. Turner*, Attorney General, for the State.

*Powers & Maxan*, for the appellee.

WALKER, J.—In this case the record does not show for what amount the judgment *nisi* was taken. Whether it corresponded with the amount named in the recognizance, or whether it was taken in a larger sum, and notwithstanding the variance between the recitals in the *scire facias* and the recognizance, we feel bound to presume that the judgment *nisi* was taken in the true amount of the recognizance.

The awkward wording of the recognizance does not vitiate it. The legal effect of the words used was to require the principal, Charles Smith, to appear before the court every day of the term, and each succeeding term, until discharged by due course of law. The case comes within the rule laid down in No. 3169, same parties, decided at this term of the court, and the case of the State of Texas v. Black, *et als.*, decided by this court at the last Galveston term — opinion by Mr. Justice Lindsay.

The judgment of the district court is reversed and the cause remanded.

Reversed and remanded.